JOURNAL ENTRY and OPINION
{¶ 1} The state appeals from the trial court's imposition of five years of community control sanctions to appellee, David Stewart ("Stewart"), after the trial court found Stewart guilty of kidnapping, aggravated burglary, robbery, and assault. For the following reasons, we affirm Stewart's sentence.
 {¶ 2} At the bench trial, the state presented Jacqueline Cable ("Cable"), who testified that she was awakened when she heard noises in her house. Cable also noticed that the light in her laundry room was on and saw Stewart and a duffel bag in her laundry room. Cable told Stewart to get out of her house, but Stewart approached her with both hands, one of which wore a surgical glove, pushed her into her kitchen, and caused her to crash into a glass end table. Stewart told Cable to "shut up" and pulled her by the hair, neck, shoulders, and arms. He also asked her where she kept her money. During the struggle, Cable attempted to use her cordless telephone to call 911, but Stewart thwarted her efforts. Cable testified that Stewart put his hand over her mouth and she bit the heel of his hand Stewart then went into the kitchen, grabbed his duffel bag from the laundry room, and ran out of Cable's house. Cable used her cell phone to call 911 and the police arrived within moments of her call. After she gave a statement to the police and positively identified Stewart as her attacker in a subsequent line-up, Cable later discovered that stacks of quarters were missing from her house, as well as other items.
 {¶ 3} The state also presented the testimony of three police officers, who testified as to their respective roles in their investigation of the incident. The defense presented one witness, Elsie Stewart, who testified that Stewart, her son, was a paranoid schizophrenic and suffers from depression.
 {¶ 4} After the trial court found Stewart guilty of kidnapping, aggravated burglary, robbery, and assault, it sentenced Stewart to five years of community control sanctions. The state now appeals, asserting two assignments of error, which will be addressed together.
 {¶ 5} The state contends in its first assignment of error that the trial court failed to make the appropriate findings and state its reasons for imposing the community control sanctions. The state also contends in its second assignment of error that the trial court did not overcome the presumption of imprisonment on Stewart's convictions of kidnapping and aggravated burglary, both first degree felonies. However, upon review of the record, the state's contentions are not well taken.
 {¶ 6} R.C. 2929.13(D) provides in whole:
 {¶ 7} "Except as provided in division (E) or (F) of this section, for a felony of the first or second degree and for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code for which a presumption in favor of a prison term is specified as being applicable, it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code. Notwithstanding the presumption established under this division, the sentencing court may impose a community control sanction or a combination of community control sanctions instead of a prison term on an offender for a felony of the first or second degree or for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code for which a presumption in favor of a prison term is specified as being applicable if it makes both of the following findings:
 {¶ 8} "(1) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.
 {¶ 9} "(2) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense."
 {¶ 10} Here, at Stewart's sentencing, the trial court was presented with evidence that Stewart had two prior convictions and considered how the incident affected Cable emotionally, noting however that there was nothing in the record that she suffered serious psychological harm or endured serious physical harm. The trial court also considered the letters from Stewart's psychologists and probation officer who recommended that he be placed on community control to allow him to continue to receive treatment for his mental illnesses — paranoid schizophrenia and mental retardation.
 {¶ 11} The trial court found that while Stewart's "intellectual limitation" and "psychiatric condition" does not diminish the seriousness of the impact on Cable, it does impact the seriousness of Stewart's conduct. Making reference to the difference in the conduct of a child and that of an adult, the trial court analogized Stewart's conduct in committing these crimes against Cable. The trial court specifically found, pursuant to R.C. 2929.13(D)(2), as follows:
 {¶ 12} "And as I kind of look at this on a serious basis, these factors of [Cable's] psychological injury and his documented level of seriousness from the standpoint of how serious it is for an individual to do the kind of thing that he has done when a person is not * * * a normal person, I think, weighs slightly, although not greatly, on the side of [Stewart] in this case and to some extent diminishes the seriousness of what he has done and in my mind makes this offense less serious than conduct normally constituting the offense."
 {¶ 13} The trial court further found, pursuant to R.C.2929.13(D)(1), that there is a lesser likelihood of recidivism if Stewart received community control sanctions as opposed to a prison term so that he may maintain his treatment for his mental conditions with proper oversight and with the support of law-abiding people. Reasoning that Stewart has been affected by his crimes in a positive way, the trial court found that the public would be better protected by allowing Stewart to continue his treatment in a controlled environment than "sending him off to the penitentiary and losing our control over him." Because the trial court gave its findings and stated its reasons for imposing community control sanctions, it complied with the mandates of R.C. 2929.13(D) and overcame the presumption of imprisonment for Stewart's conviction of kidnapping and aggravated burglary.[1] Thus, Stewart's sentence is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., J., and Karpinski, J., concur.
[1] It should be noted that the state attached to its brief, "Exhibit 1," which is a journal entry dated February 27, 2004, finding Stewart guilty of violating the conditions of his community control sanctions imposed in this matter when he tested positive for marijuana. The state attempts to argue that "Exhibit 1" is evidence that the community control sanctions that the trial court imposed did not deter Stewart from committing future crimes. However, because "Exhibit 1" is not part of the record in this matter, it is entirely improper for this court to consider it.